UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

-----------------------------------------------------x

| | | |
|---|---|---|
| CAPRISHA WILLIAMS, | : | |
| an individual, | : | CIVIL ACTION |
| | : | |
| Plaintiff, | : | CASE NO.: |
| | : | |
| vs. | : | Judge: |
| | : | |
| | : | Magistrate: |
| | : | |
| UNIVERSITY SHELL INC., | : | |
| BILL ARHOS, and ADRIENNE ARHOS, | : | |
| | : | |
| | : | |
| Defendants. | : | |

-----------------------------------------------------x

## **COMPLAINT**

Plaintiff, CAPRISHA WILLIAMS, by and through her undersigned counsel, hereby files this original Complaint against UNIVERSITY SHELL INC., BILL ARHOS, and ADRIENNE ARHOS (hereinafter referred to as "DEFENDANTS"), and demands declaratory and injunctive relief and attorneys' fees and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.*, and alleges:

## **JURISDICTION AND PARTIES**

1.   This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. § 12181 *et seq.* (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343.

2.   Venue is proper in the Court pursuant to 28 U.S.C. § 1391(b).

3.   Plaintiff, CAPRISHA WILLIAMS, (hereinafter referred to as "MS. WILLIAMS"), is a resident of DeKalb County, Illinois. MS. WILLIAMS resides approximately one (1) mile away from the facility at subject in this action.

4.      MS. WILLIAMS is a qualified individual with a disability under the ADA. MS. WILLIAMS has cerebral palsy.

5.      Due to her disability, MS. WILLIAMS is substantially limited in multiple major life activities, including standing, walking, and bending, and requires a wheelchair for mobility.

6.      Upon information and belief, DEFENDANT UNIVERSITY SHELL INC. is a corporation organized in the State of Illinois and doing business in DeKalb County.

7.      Upon information and belief, DEFENDANT UNIVERSITY SHELL INC. can be contacted at its registered agent, located at:

> Bill Arhos
> 175 W Lincoln Hwy
> DeKalb, IL 60115

8.      Upon information and belief, DEFENDANTS BILL ARHOS and ADRIENNE ARHOS are natural persons residing in DeKalb County, Illinois.

9.      Upon information and belief, DEFENDANTS BILL ARHOS and ADRIENNE ARHOS are the owners of the real properties and improvements that are the subject of this action, to wit: University Shell of DeKalb, 175 W Lincoln Hwy, DeKalb, Illinois, 60115 (hereinafter referred to as "the Property").

10.     Upon information and belief, DEFENDANT UNIVERSITY SHELL INC. is the operator of the Property.

11.     The Property consists of a gas station, convenience store, and auto repair shop.

12.     DEFENDANTS are obligated to comply with the ADA at the Property.

## <u>COUNT I - VIOLATION OF TITLE III OF THE</u>
## <u>AMERICANS WITH DISABILITIES ACT</u>

13.     MS. WILLIAMS realleges and reavers Paragraphs 1 - 12 as if they were expressly restated herein.

14.     The Property is a place of public accommodation, subject to the ADA, generally located at: 175 W Lincoln Hwy, DeKalb, Illinois, 60115.

15.     MS. WILLIAMS has visited the Property as recently as December 19, 2019 but was unable to enter the convenience store on the Property due to the architectural barriers discussed in Paragraph 24. MS. WILLIAMS desires to visit the Property again to buy food and other items for sale in the convenience store because of its close proximity to her residence.

16.     The discrimination alleged herein is ongoing.

17.     At various times, MS. WILLIAMS has personally observed or encountered the architectural barriers discussed in Paragraph 24(I)(A)-(B).

18.     During her visits to the Property, MS. WILLIAMS has experienced a total barrier to entering the convenience store on the Property in order to access the goods and utilize the offered services, due to the architectural barrier discussed in Paragraph 24(I)(A)-(B).

19.     Because of the total barrier to access that MS. WILLIAMS experienced, she was unable to enter the convenience store to complete any desired purchases.

20.     MS. WILLIAMS continues to desire to visit the Property and patronize the convenience store, but fears that she will continue to experience serious difficulty due to the barriers discussed in Paragraph 24. MS. WILLIAMS desires to independently shop at the convenience store.

21.     The barriers discussed below in Paragraph 24 are excluding, or will exclude, MS. WILLIAMS from the goods and services offered at the Property.

22. MS. WILLIAMS plans to and will visit the Property in the future as a patron and also as an ADA tester to determine if the barriers to access alleged herein have been modified.

23. MS. WILLIAMS presently fears that she will encounter the mobility-related barriers which exist at the Property when she returns to the Property in the near future.

24. Upon information and belief, DEFENDANTS are in violation of 42 U.S.C. § 12181 *et seq.* and 28 C.F.R. § 36.302 *et seq.* and the Property is not accessible due to, but not limited to, the following barriers which presently exist at the Property:

    I. UPON INFORMATION AND BELIEF, THE FOLLOWING BARRIERS AT THE PROPERTY ARE THE RESPONSIBILITY OF DEFENDANT:

        A. There is a step up to the convenience store's entrance which precludes a wheelchair from gaining entry to the convenience store;

        B. There is no accessible entrance to the convenience store at the Property; and

        C. Other mobility-related architectural barriers and ADA violations to be identified following a complete inspection of the Property.

25. MS. WILLIAMS continues to desire to visit the Property but will continue to experience a total barrier to the Property until the barriers discussed in Paragraph 24 are removed.

26. MS. WILLIAMS intends to and will visit the Property to utilize its goods and services in the future, but fears that DEFENDANTS will continue to discriminate against her by failing to modify or remove the barriers at the Property.

27. Upon information and belief, all barriers to access and ADA violations still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA, even though removal is readily achievable.

28.     Upon information and belief, removal of the discriminatory barriers to access located on the Property is readily achievable, reasonably feasible, and easily accomplished, and would not place an undue burden on DEFENDANTS.

29.     Upon information and belief, removal of the barriers to access located on the Property would provide MS. WILLIAMS with an equal opportunity to participate in, or benefit from, the goods, services, and accommodations which are offered to the general public at the Property.

30.     Independent of her intent to return as a patron to the Property, MS. WILLIAMS additionally intends to return as an ADA tester to determine whether the barriers to access stated herein have been remedied.

31.     MS. WILLIAMS has retained the undersigned counsel and is entitled to recover reasonable attorneys' fees, costs and litigation expenses from DEFENDANTS pursuant to the pursuant to 42 U.S.C. § 12205.

WHEREFORE, MS. WILLIAMS demands judgment against DEFENDANTS, and requests the following relief:

A.     That this Court declare that the Property owned, leased, and/or operated by DEFENDANTS is in violation of the ADA;

B.     That this Court enter an Order directing DEFENDANTS to alter the Property to make it accessible to and useable by individuals with mobility disabilities to the full extent required by Title III of the ADA;

C.     That this Court award reasonable attorneys' fees, costs (including expert fees), and other expenses of suit, to MS. WILLIAMS, pursuant to the ADA; and

D.     That this Court award such other and further relief as it deems necessary, just, and

proper.

Respectfully Submitted,

**BIZER & DEREUS, LLC**
Attorney for Plaintiff
Emily A. Westermeier (IL # 6316741)
ewest@bizerlaw.com
Garret S. DeReus (LA # 35105)
gdereus@bizerlaw.com
3319 St. Claude Ave.
New Orleans, LA 70117
T: 504-619-9999; F: 504-948-9996

***AND***

**Equip for Equality**
Designated Local Counsel/Trial Bar Attorney
Rachel M. Weisberg (IL # 6297116)
Hannah R. Walsh (IL # 6324813)
20 North Michigan Avenue, Suite 300
Chicago, IL 60602
T: 312-895-7252; F: 312-541-7544
RachelW@equipforequality.org
HannahW@equipforequality.org

By:    /s/ Emily A. Westermeier
       EMILY A. WESTERMEIER

6